IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHARLIE WASHINGTON, #415357 | * |
| Plaintiff | * |
| v. | *  CIVIL ACTION NO. GLR-14-1131 |
| DETECTIVE J. STICKELL | * |
| PRINCE GEORGE'S POLICE DEPARTMENT | * |
| Defendants | * |

*****

**<u>MEMORANDUM</u>**

On April 8, 2014, the Court received for filing this self-represented 42 U.S.C. § 1983 civil rights action.  Plaintiff, a 68-year old man who is housed at the Roxbury Correctional Institution in Hagerstown, alleges that on October 4, 2012, he was arrested, handcuffed, and placed in the front seat of a police cruiser driven by Defendant Stickell.  He complains that while so situated the police officer engaged in a "high speed chase" of another vehicle,[1] exceeding speeds of 100 miles per hour.  Plaintiff argues that the officer placed him in "fear for his life, mental duress, and more."  Compl. at 3, ECF No. 1.  He alleges that he pleaded with the officer to slow down, but was told to shut up.[2]  Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages, and the Officer's removal from "places of authority."  <u>Id.</u>  Because he appears indigent, his Motion for Leave

---

[1] Plaintiff states that this vehicle, a small sports car, ran a red light while they were stopped at the intersection and the Officer engaged in a high-speed pursuit.  Compl. at 4.

[2] Plaintiff indicates that he felt that the Officer was threatening him with "physical force and emotional distress."  <u>Id.</u>

to Proceed In Forma Pauperis shall be granted.  Plaintiff's Complaint shall, however, be summarily dismissed.

Title 42, United States Code, Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights. . .secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983.  It is well established that municipalities are among those "persons" who may be held liable under § 1983. Monell v. Dep't of Soc. Serv. of the City of N.Y., 436 U.S. 658, 690 (1978).  However, a municipality cannot be held liable under § 1983 based on a respondeat superior theory. Id.  Instead, "[t]o state a cause of action against a municipality, a section 1983 Plaintiff must plead (1) the existence of an official policy or custom; (2) that the policy or custom is fairly attributable to the municipality; and (3) that the policy or custom proximately caused the deprivation of a constitutional right." Alexander v. City of Greensboro, 762 F.Supp.2d 764, 781 (M.D.N.C. 2011) (quoting Pettiford v. City of Greensboro, 556 F.Supp.2d 512, 530 (M.D.N.C. 2008)); see Jordan ex. rel Jordan v. Jackson, 15 F.3d 333, 338 (4th Cir. 1994).  A "policy or custom for which a municipality may be held liable can arise in four ways: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that manifests deliberate indifference to the rights of citizens; or (4) through a practice that is so "persistent and widespread" as to constitute a custom or usage with the force of law." Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003) (internal quotation marks omitted) (citing Carter v. Morris,

164 F.3d 215, 218 (4th Cir. 1999)).

Plaintiff names the Prince George's County Police Detective J. Stickell and the Prince George's Police Department as Defendants. To the extent Plaintiff claims that Detective Stickell's engagement in a high-speed police chase of another vehicle while Plaintiff was a handcuffed passenger in the police cruiser violated his civil rights and caused him mental anguish, no constitutional claim has been stated. Under the Prison Litigation Reform Act (42 U.S.C. §1997e(e)), a physical injury requirement is coextensive with the emotional or mental injury test. See Siglar v. Hightower, 112 F.3d 191, 193-94 (5th Cir. 1997); see also Jones v. Price, 696 F. Supp. 2d 618, 624 (N.D.W.Va. 2010) (no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury). It is the nature of the relief sought, however, and not the underlying substantive violation that controls this limitation on recovery in § 1997e(e). Further, insofar as Plaintiff names the Prince George's Police Department as a Defendant, no claim has been stated because he has failed to allege that the Detective's actions were part of official policy or custom of the Police Department which violated a constitutional right.[3]

Because Plaintiff's civil rights case fails to state a claim, his case shall be dismissed pursuant to 28 U.S.C. § 1915(e).[4]  He is hereby notified that he may be barred from filing future suits in

---

[3] The Court does not minimize Plaintiff's alleged anxiety from riding in the front seat of a police vehicle without restraints during a high-speed chase. While the officer's conduct involves a questionable practice, it simply does not rise to a constitutional level.

[4] 28 U.S.C. § 1915(e)(2) states that:

>    Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
>    (A)   the allegation of poverty is untrue; or
>    (B)   the action or appeal--
>       (i)   is frivolous or malicious;

forma pauperis if he continues to file federal civil rights actions that are subject to dismissal under § 1915(e) or Rule 12(b)(6).[5]  This constitutes the first § 1915(e) strike to be assessed against Plaintiff. A separate Order follows.[6]

May 9, 2014

/s/
_____
George L. Russell, III
United States District Judge

---

      (ii)  fails to state a claim on which relief may be granted; or
      (iii)  seeks monetary relief against a defendant who is immune from such relief.

[5] 28 U.S.C. § 1915(g) states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions in forma pauperis, absent extraordinary circumstances.

[6] In light of the dismissal of this case, Plaintiff's Motion for Appointment of counsel shall be denied.